**In re Donald ABOOD, Debtor.**

**Gary WAGNER, Plaintiff,**

**v.**

**Donald ABOOD, Defendant.**

**Bankruptcy No. 94–10769.**
**Adv. No. 94–1147.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 8, 1994.

Deena F. Christelis, Providence, RI, for debtor/defendant.

David Strachman, Providence, RI, for plaintiff.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Debtor–Defendant's Motion to Dismiss the above captioned adversary proceeding, under Fed.R.Bankr.P. 7012. The relevant, undisputed facts are as follows: On February 21, 1992, the Picture Group, Inc. and Gary Wagner entered into an agreement whereby the Picture Group agreed to license and market photographs taken by Wagner, and that the parties would split the profits. Mr. Abood was president of the Picture Group and he signed the agreement in that capacity. Abood and the Picture Group both filed Chapter 7 petitions on March 30, 1994.

Wagner alleges that Abood misappropriated his (Wagner's) share of the profits from the sale of photographs, and paid corporate obligations for the personal benefit of Abood. He also alleges that from his (Wagner's) funds, the Picture Group paid Abood's salary, furnished a luxury automobile for Abood's personal use, and paid Picture Group's rent to a corporation in which Abood has a 50% interest. The Plaintiff filed this adversary proceeding in Donald Abood's personal bankruptcy case, seeking a declaration that the debt owed to him is nondischargeable under 11 U.S.C. § 523(a)(4). Abood requests dismissal of the complaint for failure to state a claim upon which relief can be granted under Fed.R.Bankr.P. 7012, which incorporates Fed.R.Civ.P. 12(b)(6) into bankruptcy adversary proceedings. The Court should deny

the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Under § 523(a)(4) of the Code, a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is excepted from discharge. 11 U.S.C. § 523(a)(4).

The Plaintiff alleges that the Debtor owed him a fiduciary duty under the terms of the agency agreement, to account for and to pay fifty percent of the proceeds received from the sale of photographs. He also alleges that Abood committed fraud or defalcation by failing to segregate and remit these proceeds, and instead paid corporate obligations that personally benefited Abood.

Upon scrutinizing the agency agreement in a bankruptcy context, we agree with the Debtor's argument and conclude that the complaint must be dismissed. In *Rhode Island Lottery Commission v. Cairone (In re Cairone)*, 12 B.R. 60 (Bankr.D.R.I.1981), we stated that:

> [t]he traditional definition of a fiduciary is not applicable in bankruptcy law. The general meaning—a relationship involving confidence, trust and good faith—is far too broad. The fiduciary relationship referred to in § 523(a)(4) has been held to be limited to express and technical trusts.... The characteristics of an express trust include an explicit declaration of the creation of a trust, a clearly defined trust res, and an intent to create a trust relationship.... The trustee's duties must be independent of any contractual obligation between the parties and must be imposed prior to, rather than by virtue of, any claim of misappropriation.... Thus, implied or constructive trusts and trusts ex maleficio ... are not susceptible to the establishment of a fiduciary relationship under the Code. Similarly, ordinary commercial relationships such as creditor-debtor and principal-agent have been held not to create a fiduciary relationship in the bankruptcy context.

*Id.* at 62 (citations omitted) (footnote omitted). Attached to his complaint as Plaintiff's Exhibit A, the agreement clearly fails to create a fiduciary relationship between the parties, in that it lacks the characteristics of an express trust as defined in *Rhode Island Lottery Commission* and the case cited therein. The agreement in question created only an ordinary commercial relationship of debtor-creditor, and falls far short of establishing an express trust as would be required to render the complaint viable.

Because the Debtor did not owe a § 523(a)(4) duty to the Plaintiff, he cannot be held to have committed fraud or defalcation while acting in a fiduciary capacity, as Plaintiff alleges. For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and the Plaintiff's complaint is DENIED and DISMISSED.